Good morning, Your Honors. May it please the Court, Anne Barhom for the petitioner Baljeet Singh Malhi. I'd like to reserve two minutes of my time for rebuttal. This case is all about whether or not my client was credible, petitioner was credible. The judge, the immigration point out three cases in particular that I think are worth mentioning and how this case is supported by some of those cases and differs from the others. The first case is Flores v. Garland, a 2022 case. And in that case, the credible fear argument or the credible client had, she did not discuss whether or not she had been persecuted in Mexico. So this case, petitioner clearly said that he was in fear for his life in India, that he was attacked once and threatened a second time by the Congress party, and that he feared going back to India because of his membership with the Mon party and the government's attack on Sikhs in particular. Why don't we focus on, I think, what are the two main inconsistencies that the IJ and BIA focused on, the number of attacks and then which political party was attacking him. Those are the ones I think the BIA relied on most. So why do you think substantial evidence doesn't support those? Well, in the first interview that he had with the CBP, the Customs and Border Patrol officer, he mentioned two attacks. He didn't distinguish between being actually physically attacked and threatened. He also said he didn't state who he had been attacked by. He just said that he feared the Congress party. So on the number of attacks, your position is this is not a true inconsistency? I believe it's not a true inconsistency. How about who attacked him? Because that seems like more of an inconsistency. I would say that that would be more of an inconsistency, but in this case, he had his credible fear interview just a few weeks later, I think it was less than 20 days later, where he stated very clearly he was attacked one time and threatened a second. I think the immigration judge did not take into full account his actual testimony. She sort of gave it short shrift and said it was basically incredible without detailing whether or not the client or the respondent at that point was indeed responsive and gave sufficient details. And I will just point out in Imman versus Barr, this court found that the immigration judge and the BIA did not really focus on the testimony of the petitioner at that point and granted a remand. In this case, I think the same holds true. They didn't really fully explore the testimony, the live testimony. She just stated that it was incredible. Ms. Barham, I think looking at the IJ decision here, the judge does say, acknowledge that respondent stated that he was very nervous and then analyzes the apparent inconsistency in terms of the number of attacks and the identity of the attackers and then concludes that the respondent was unable to reasonably explain his inconsistency. How is that an application of an incorrect legal standard, or what is the error you'd assign to that discussion there? Well, for one, the judge didn't follow up with any questions. She just simply relied on what the cross-examination showed. It was very brief. By the government counsel at that point, it only asked a couple of questions. They weren't fully explored, and I think the judge ignored the totality of the circumstances. The country conditions in particular are full of information about attacks on Sikhs because of their relationship, their party membership with the Mon party. So I think in this instance, the judge erred by not taking into account the totality of the circumstances, especially when someone first comes into this country. He was only 23 years old. He had been traveling for two and a half months. He'd been lost in the jungle. He testified that he was depressed and very, very nervous and had some memory issues as well. Did the judge give the petitioner an opportunity to explain the distinctions between the two parties and the one? The judge did not ask that question. The judge didn't ask any questions of the petitioner at that point, at the trial level. She did not. But wasn't the petitioner presented with this by the government's counsel? The biggest inconsistency about who attacked you, was it one party or these other two? Right. He did explain what I previously said, that he was nervous. He'd been traveling for two and a half months. He was very young. And it was very difficult for him to remember everything that had happened. But the question of who attacked him is pretty central to the case. And he testified that he saw the markings on the car. He knew they were from one party. And then he testified earlier that it was a different party. And then referenced that his uncle saw different markings on the car. How do you explain that from the record? I think it's, you know, I can't put myself in the place of someone who is nervous and who, you know, maybe has some memory issues. Maybe he mixed it up with the Congress Party that sent him a threatening letter afterwards. I can't explain that fully. But at the same time, he was consistent in his testimony and in his declaration about what had happened. And the judge did not take into full account all of the country conditions, the medical report. All of that was, his testimony was given absolutely no weight whatsoever in her decision. Well, I mean, it's, she does say, you know, he was unable, she lays all this out, right? She lays out the points you're making. And she says that he was unable to reasonably explain the inconsistency. And she pointed out that he does have the ability to identify based on symbols which party is which, which I took to mean she discounted his testimony that he was confused as to who was who. Well, I think at this point the petitioner gave a more detailed declaration with the advantage of having an attorney working with him at that point. He was alone. He was nervous. I've seen many of various clients when they're nervous, they don't always answer, you know, in an urgent way. But it's clear that he was attacked. He didn't change his allegations. You know, in Iman versus Barr, he, just like that, the IJ and the BIA didn't take into full account the actual testimony. He was responsive. He was, he was consistent in what he said and he explained the inconsistencies. And in Iman versus Barr, that case I think is more on point where the testimony of the petitioner wasn't taken into full account in this case. So, in fact, in Vaux versus Barr, he didn't make any new allegations. In fact, he stuck to his story, but it, he wasn't clear on who actually attacked him in the credible fear interview. In the other, the CBP interview, he just said he was attacked twice, but they didn't follow up with that. They just, he said he feared the Congress Party is the party of Indira Gandhi, who was assassinated because of what she did to the Sikhs in 1984. And the Congress Party still in power, or was in power, and there is an alliance between the BJP, which is Modi's party, and the Badal party. So they're all, they're all part of what's going on in the Punjab area of India. In addition, the Congress Party at that time was the National Party. So he feared, he feared what the Congress Party was going to do to him if he, should he return. Okay, we've let you go over your time, but we'll put two minutes up for rebuttal. Okay. And we'll hear from the government. All right, thank you very much. Thank you. Good morning. Good morning, your honors. May it please the court, Shelley Clemons on behalf of the Attorney General of the United States. Your honors, we respectfully ask this court to deny Mr. Mali's petition review for two reasons. First, substantial evidence supports the agency's adverse credibility finding, and the record evidence does not support a contrary finding. Second, Mr. Mali did not meaningfully challenge the IJ's denial of protection under the Convention Against Torture, and therefore he failed to exhaust that claim for relief in his administrative appeal. Beginning with the adverse credibility finding, this court should reject the petition, deny the petition, because the immigration judge in this case provided specific and cogent reasons why he found Mr. Mali's testimony to not be credible. And a review of the totality of the circumstances in the record shows that substantial evidence supports these conclusions. In this case, the IJ found the testimony to be uncredible in three significant respects. The first, as this court has noted, is the number of times he was attacked. In his sworn statement, which was given a few days after his arrival in the U.S., he claimed to have been attacked on two occasions. However, in his credible fear statement and in his testimony, he claimed to have only been physically attacked one time. The second and third inconsistencies are related to Mr. Mali. Just to pause you on the first one, so I think he says, well, attack and threat, I didn't necessarily distinguish between the two of those, so is that a real inconsistency? I believe that it is, Your Honor, because he goes on to describe the threats, and he notes that they are different. And this is a pretty significant physical attack, so when you're saying attacked, that is different than a threat, especially when he goes on to articulate a separate threat that he received from the party. He did not describe in any particularity two attacks. He described one with particularity, and then the second, the threat. And so he explained, why wasn't that a reasonable explanation that he said, well, I thought attack meant the letter and the physical beating? Well, Your Honor, I don't think that that's a reasonable explanation. When he actually starts in his credible fear interview, by talking about the fact that there was this threat that was made, and then later he talks about the attack. So in my mind, these are two separate things, an attack versus threats. And he specifically said, I was attacked on two occasions. So to me, that, I think a reasonable fact finder could find that that meant at the time he gave the statement, he was saying a physical assault. But Ms. Clements, I guess, does the immigration judge ever explain that, provide that as a reason? I think you opened by saying that there were three reasons the IJ gave for the adverse credibility finding. You've offered three inconsistencies. But under our law, the IJ has to provide specific and cogent reasons after giving the petitioner opportunity to explain them. So what reasons, the IJ didn't give your explanation you just gave. What reasons did the IJ give that would meet our standard for specific and cogent reasons on this attack question? Well, at AR 49, the court noted what his explanations were, that he was nervous, going to depression, that he wanted to say all three parties, but only one came out of his mouth. And noted that his explanations were those things. And then he added to it that for the first time that he had then received additional phone calls and letters. And while I would agree that necessarily, if that was the only inconsistency, Your Honor, we might be on shakier ground. But as this court found in Alamby v. Garland, in making a determination of credibility, the IJ can rely on any relevant factor that when evaluated under the totality of the circumstances could be reasonably said to have bearing on veracity. And in this case, that inconsistency, which the IJ noted, but then also noted that he was not able to clarify why he said, or what he felt was a reasonable clarification as to why she was attacked one time versus two, which is what he first said, the court did actually address those. And in addressing all of the explanations, basically said he found them to be unpersuasive. And this court gave us great deference to the immigration judge in determining credibility, because they're right there seeing the witness testifying. Mr. Clemens, we can give them deference when they've provided reasons so that we can understand that they have considered the petitioner's explanation and then provided, again, specific and cogent reasons. Do you think that the statement that the respondent was unreasonable, was unable to reasonably explain this inconsistency or did not clarify, do you think those satisfy our specific and cogent reasons test? I do, Your Honor, because they're clear and consistent and logical. Why a person would say that they were physically attacked twice and then go back and now only say that they were attacked once and blame that on nervousness when they are able to give so many specific details about other parts of the assault, about how he was able to identify the parties, but then give inconsistent details about that. I think in the totality of the circumstances taken with the other inconsistencies, this can weigh towards a finding of the adverse credibility, and the court did not err in considering that. So, one of the questions I have, and I think the inability to, or the inconsistency in identifying the attackers is a stronger argument for you, but the odd thing to me about this case is there doesn't seem to be any dispute that he was attacked and received medical care. Is that right? Well, Your Honor, I disagree with that. If you're attacking his credibility... He supplied, if there were no documentary evidence, then you've got an argument, but he supplied documentary evidence that he was treated at the hospital for four days, and was consistent with the description he provided of the attack. So, isn't it on this record that it's undisputed that he was attacked by somebody? No, Your Honor. First of all, the immigration judge gave little weight to that document for some very reasonable reasons. First of all, that particular document is not actually a medical record taken contemporaneously at the time that he was allegedly admitted to the hospital. It's a letter, but it's a... It's a letter summarizing treatment, but it's also written seven years after the fact, and the witness was not available to cross-examine, so the court was justified in not giving that a great amount of weight compared to the other evidence of his uncredible testimony. In this particular case, the inconsistencies, as the court noted, is a stronger argument as to who attacked him and how he was able to identify the attacker. Excuse me for interrupting, but where I was leading is, let's assume for the sake of argument that the document is valid and, in fact, he was attacked. Does it matter who attacked him as long as it was motivated by political reasons concerning his party affiliation? Yes. Yeah, I mean, in other words, let's assume he was mistaken about who attacked him, but there was an attack. Isn't that sufficient to show past persecution on account of a political opinion? No, Your Honor, because then we're left with wondering, well, who attacked him? Was it, in fact, one of these political parties? Was it just a random attack that occurs in the violence? There has to be a political reason, and it has to be done with the acquiescence of the local government. No, he testified, though. I mean, it wasn't contradicted that it was attacked for a political reason. They wanted him to join the party, etc., etc. If you got the parties wrong, does it make a difference if there were an attack? Yes, Your Honor, because at this point, the court is finding his testimony to be incredible. It kind of goes to the weight of his entire testimony about whether or not there really was an attack. If he can't even get the parties straight... But the judge doesn't provide any reason for us to question whether he was attacked. I mean, there are all sorts of adverse credibility findings that the judge reaches. It's about identity and how he reached the identity, and maybe the number of attacks, depending on how you treat the letter. However, the court did find that, given his testimony, it was unclear who actually attacked him, which means we've been in a position where we can't prove that it was a politically motivated attack, or he failed to meet his burden to prove that it was a politically motivated attack. The claims of nervousness that he had are kind of unreasonable. Granted, the BIA did not rely on this in its decision, but when you look at his 2014 application for asylum, so over a year later after he's been in the U.S., again, he only mentions the Congress Party. He only mentions being physically attacked by them. He only mentions being in fear of them. For all those reasons, Your Honor, we believe that the totality of the circumstances supports the IJ's, the board's finding, and this case should be denied. Court has no further questions. Okay. Thank you very much, and we'll hear rebuttal. Thank you. I just want to point out, in particular, one case, the Voe v. Barr that was decided in 2020. In that case, you know, an omission that does not make a new allegation when the details are provided later does not mean that the, goes to the weight of showing that the petitioner was actually telling a true story, that he was attacked, and he didn't accurately describe how he was attacked and by which party, but the country condition reports are full of this synchronicity between BJP, Badal, and the Congress Parties. There was an alliance of these three parties. BJP is the party of Modi, which is, you know, anyone who isn't a Hindu is, you know, at serious risk. That continues today. And Badal Party supports BJP. They have an alliance. So the fact that he gave more detailed information in his declaration and his testimony, he never wavered from what happened to him in India by the attack and by the threatening letter. If you want to look at the CBP interview, it only talks about two attacks. It doesn't distinguish between what those were. There were no details at all provided. So in this case, I think petitioner was consistent. He was consistent that he was And from, you know, going forward, that is the basis of his claim. And this case should be remanded to the BIA so, you know, more fact-finding can occur at the IJ level. Thank you, Your Honor. And thank you. We'll thank both counsel for the briefing and arguments. This case is submitted.
judges: THOMAS, BRESS, JOHNSTONE